1   John C. Grugan (*pro hac vice* forthcoming)
    john.grugan@hklaw.com
2   Ana Dragojevic (341847)
    ana.dragojevic@hklaw.com
3   HOLLAND & KNIGHT LLP
    560 Mission Street, Suite 1900
4   San Francisco, CA 94105
    Telephone: 415.743.6963
5
    Jenny N. Perkins (*pro hac vice* forthcoming)
6   perkinsj@ballardspahr.com
    Mitchell Turbenson (346024)
7   turbensonm@ballardspahr.com
    BALLARD SPAHR LLP
8   2029 Century Park East, Suite 1400
    Los Angeles, CA 90067-2909
9   Telephone:  424.204.4400

10  *Attorneys for Defendants Conduent State &*
    *Local Solutions, Inc., Comerica Bank, and*
11  *Conduent Business Services, LLC*

12                **UNITED STATES DISTRICT COURT**

13      **EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

14
    PAULA SPARKMAN, on behalf of
15  herself and all others similarly situated,       CASE NO.

16              Plaintiff,

17          v.                                        **NOTICE OF REMOVAL OF CIVIL**
                                                      **ACTION TO THE UNITED STATES**
18  COMERICA BANK, a foreign                          **DISTRICT COURT**
    corporation, CONDUENT BUSINESS
19  SERVICES, LLC, a foreign limited                  Tehama County Superior Court
    liability corporation, CONDUENT                   Case No. 24CI-000031
20  STATE & LOCAL SOLUTIONS, INC.,
    a foreign corporation,                            Complaint Filed: February 21, 2024
21                                                    Service Accepted: March 29, 2024
                Defendants.
22

23

24

25

26

27

28

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and 28 U.S.C. §§ 1332, 1446, and 1453, Defendants Comerica Bank ("Comerica"), Conduent Business Services, LLC ("CBS") and Conduent State & Local Solutions, Inc. ("CSLS") (collectively "Defendants") hereby file this Notice of Removal, removing the action styled *Paula Sparkman, on behalf of herself and all others similarly situated v. Comerica Bank, a foreign corporation, Conduent Business Services, LLC, a foreign limited liability corporation, Conduent State & Local Solutions Inc., a foreign corporation*, Case No. 24CI-000031 (the "State Court Action") to the United States District Court for the Eastern District of California (the "Court").[1]

In support of its Notice of Removal and as grounds for removal, Defendants state as follows:

## I.    BACKGROUND

1.     On February 21, 2024, Plaintiff Paula Sparkman ("Plaintiff") filed the State Court Action in the Superior Court of California for the County of Tehama. The Complaint in the State Court Action asserts the following causes of action: (1) breach of contract; and (2) unfair business practices in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

2.     Service of the Complaint and Summons were deemed complete upon Defendants' counsel's execution of a Notice and Acknowledgment by electronic mail on or around March 29, 2024 under Cal. Code of Civil Procedure § 415.30.

---

[1] Upon information and belief, Plaintiff filed a Notice of Voluntary Dismissal as to CBS only in the State Court Action. At the time of this Removal, Defendants cannot confirm that the Notice of Voluntary Dismissal has been docketed because Tehama County does not have online civil case docketing. Accordingly and out of an abundance of caution, this Notice of Removal is on behalf of all Defendants.

3.      To the best of Defendants knowledge, no other proceedings, processes, pleadings, orders or other papers have been filed or served in the State Court Action other than the Complaint, Civil Case Cover Sheet, Summons for each Defendant, Notice of Mandatory Case Management Conference, Notice of Change of Address, Voluntary Dismissal as to CBS only, Notice and Acknowledgment of Receipt – Civil, and Notice of Appearance (each attached hereto as **Exhibits A–I**, with the exception of the Voluntary Dismissal as to CBS only, which has not been served on Defendants).

4.      Defendants have satisfied all procedural requirements of 28 U.S.C. §§ 1446 and 1453, and thereby remove this action to the Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA"), 28 U.S.C. §§ 1332(d) AND 1453

5.      This Court has original jurisdiction of this action under CAFA. Sections 1332(d)(2) and (4) provide that a district court shall have original jurisdiction of a class action with 100 or more putative class members if: (1) any plaintiff is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); and, (2) the amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

6.      This Court has original jurisdiction of this case under 28 U.S.C. § 1332(d), and the action is one that may be removed to the District Court pursuant to 28 U.S.C. § 1453 by reason of the following:

7.      **The Proposed Class Exceeds 100 Members**. Sections 1332(d)(2)-(4) do not apply if the members of all proposed plaintiff's classes in the aggregate is less than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges "that there are at least **hundreds if not thousands** of Californians who receive payments on California Way2Go Cards issued by Defendants and have been charged Defendants' IVR

surcharge." Compl. ¶ 29 (emphasis added). Accordingly, and without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definitions, or the validity of Plaintiff's claims for relief, if the allegations in the Complaint are accepted as true, there are more than 100 proposed class members. *See, e.g.*, *Phillips v. Wellpoint, Inc.*, No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

8.     **Minimal Diversity of Citizenship Is Satisfied**. CAFA's minimal diversity requirement is satisfied when "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

a.     As alleged in the Complaint, Plaintiff is a resident of California. Compl. ¶ 21. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

b.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers, direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[I]n practice," a corporation's nerve center should "normally be the place where the corporation maintains its headquarters." *Id.* at 93. "The public often (though not always) considers it the corporation's main place of business." *Id.*

c.     Comerica is incorporated in the State of Texas. *See* Compl. ¶ 10.

d. Pursuant to the *Hertz* nerve center test, Comerica has its principal place of business in Dallas, Texas. Specifically, its headquarters are located in Dallas, Texas. *Id.*

e. CBS is incorporated in the State of Delaware. *See* Declaration of Jonathon Opelt ("Opelt Decl.") at ¶ 4; *see also* Compl. ¶ 12.

f. Pursuant to the *Hertz* nerve center test, CBS has its principal place of business in Florham Park, New Jersey. Specifically, its headquarters are located in Florham Park, New Jersey. *Id.*

g. CSLS is incorporated in the State of New York. Opelt Decl ¶ 5; *see also* Compl. ¶ 11.

d. Pursuant to the *Hertz* nerve center test, CSLS has its principal place of business in Florham Park, New Jersey. Specifically, its headquarters are located in Florham Park, New Jersey. *Id.*

f. Minimal diversity of citizenship is thus established, pursuant to CAFA, inasmuch as Plaintiff (who is alleged to be a member of the putative class) is a citizen of the State of California (Compl. ¶ 9) and Defendants are citizens of Texas and New Jersey (Compl. ¶¶ 10–12).

9. **The $5 Million Amount in Controversy Requirement Is Satisfied**.

To remove an action to federal court under CAFA, the amount in controversy must exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff's Complaint does not plead a specific amount of damages, though the amount in controversy is ascertainable from the allegations set forth in the Complaint. In such circumstances, a defendant "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and the defendant's amount in controversy allegation should be accepted if not contested by the plaintiff or questioned by the court." *Varsam v. Lab. Corp. of Am.*, No. 14cv2719 BTM(JMA), 2015 WL 4199287, at *1 (S.D. Cal. July 13, 2015); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)

(same). If contested, removal is proper so long as the defendant establishes by a preponderance of evidence that a plaintiff demands in excess of $5 million in damages in the aggregate for himself or herself and the putative class. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.").

10.    A defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted) (emphasis in original); *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) ("[A] CAFA defendant's amount-in-controversy assumptions in support of removal will always be just that: *assumptions*." (emphasis in original)). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn*, 536 F. Supp. 2d at 1205. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

a.    The crux of Plaintiff's Complaint is that Defendants charged Plaintiff "junk fee[s]". (Compl. ¶ 24). On behalf of the putative classes, she asserts the same fundamental fee allegations. In particular, she alleges that Defendants charge her (and putative class members) a fee of $0.50 each time she (or they) call Defendants' automated (IVR) telephone line after three (3) calls per month with no fee. (Compl. ¶¶ 24–25). Plaintiff also alleges Defendants have charged her (and

putative class members) a fee of $0.50 each time she (or they) call Defendants' automated (IVR) telephone line *before* Plaintiff (and putative class members) have reached the contractual three (3) free calls per month threshold. (Compl. ¶¶ 24–25). Plaintiff claims that charging ***any*** fee for IVR calls is "unfair." (Compl. ¶ 24 ("[T]he practice of charging consumers a junk fee to call an automated phone system is unfair.")).

b.    Among other things, the Complaint asserts that Plaintiff, and the members of the putative classes pleaded in the Complaint, are entitled to damages, including restitution of the money (*i.e.*, the "IVR fees") that Defendants allegedly charged. (*See* Compl. ¶¶ 38, 46; *see also id.* at Prayer For Relief, ¶¶ B-F (seeking for Plaintiff and for the putative class, an award of actual damages and nominal damages; prejudgment interest; restitution; attorneys' fees and costs; and injunctive relief precluding Defendants from continuing to engage in the acts or practices described throughout the complaint when handling calls received from California Way2Go cardholders)). Plaintiff thus claims entitlement to relief, and has placed in controversy in this action, at least the amount of the supposed IVR fees.

c.    Without conceding liability, appropriateness of class treatment, appropriateness of plaintiff's class definitions, or the validity of Plaintiff's claims for relief, it follows that based on the allegations of the complaint, the amount in controversy in this action "exceeds the sum or value of $5,000,000" within the meaning of 28 U.S.C. § 1332(d)(2).

d.    In particular, CSLS has fielded over 12 million IVR calls on a statewide basis from all California Way2Go cardholders. The total amount charged on a statewide basis from California Way2Go cardholders related to IVR calls exceeds $6 million. Opelt Decl. ¶ 8. This total dollar amount (which Plaintiff claims is "unfair") alone exceeds $5,000,000, for purposes of determining the amount of controversy.

e.    Further, the value of the requested permanent injunction is included as part of the amount that has been put in controversy by the Complaint. *See Hoang v. Supervalu Inc.*, 541 Fed. Appx. 747 (9th Cir. 2013), *citing Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *see also, Berry v. Am. Exp. Pub., Corp.*, 381 F. Supp. 2d 1118, 1123–24 (C.D. Cal. 2005) (holding that the valuation of injunctive relief for purposes of establishing the CAFA $5,000,000 controversy requirement can be measured either on the aggregate value of the class members' claim or on the costs to defendant in providing whatever relief is sought); *Anderson v. Seaworld Parks & Entm't, Inc.*, 2015 WL 5612499 (N.D. Cal. Sept. 24, 2015) (denying remand after removal to federal court, holding that cost of compliance with the requested injunction exceeds $5,000,000).

f.    In addition, under CAFA, the potential cost of an attorneys' fee award should also be considered when calculating the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("We have held that attorneys' fees were properly included in the amount in controversy in a class action."), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013); *Yeroushalmi v. Blockbuster, Inc.*, No. CV 05- 225-AHM(RCX), 2005 WL 2083008, at *3, 5 & n.4 (C.D. Cal. July 11, 2005) (holding that under CAFA, the amount put in controversy includes the potential fee award); *see also Tompkins v. Basic Research LLC*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (including 25% of the common fund for attorneys' fees when calculating amount in controversy).

g.    Here, Plaintiff also seeks to recover attorneys' fees. (*See* Compl. ¶ 46, at Prayer for Relief, ¶ E).

h.    Without conceding liability or the appropriateness of Plaintiff's request for attorneys' fees, such fees could also potentially be significant because

Plaintiff alleges "that there are at least hundreds if not thousands of Californians who receive payments on California Way2Go Cards issued by Defendants and have been charged Defendants' IVR surcharge." *Id.* ¶ 29

        i.     Plaintiff's request for injunctive relief and attorneys' fees adds further to the amount in controversy, eliminating any residual doubt that the statutory threshold for CAFA jurisdiction has been met. *See* 28 U.S.C. § 1332(d)(2).

        j.     Accordingly, without conceding that Plaintiff or the purported class members are entitled to damages or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is in excess of $5,000,000 exclusive of interest and costs based on the representations and allegations contained in the Complaint.

## III.   OTHER REMOVAL REQUIREMENTS ARE SATISFIED

11.   **Timeliness**: A defendant has thirty (30) days to file a notice of removal, measured from the date the defendant is served with the initial pleading or within 30 days of receipt of an amended pleading or other papers from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (clarifying that receipt "through service or otherwise" means formal service and not through service of a courtesy copy of the complaint). Here, as noted above, Plaintiff served the Complaint upon Defendants on March 29, 2024 and Defendants timely file this notice within the thirty (30) days of that date.

12.   **Venue**: The Eastern District of California comprises, among others, the County of Tehama. 28 U.S.C. § 84(b). The State Court in which this action was commenced (County of Tehama) lies within the Eastern District and removal to this Division of the Court is required by 28 U.S.C. § 1446(a).

        a.  **Compliance with 28 U.S.C. § 1446(a)**: In accordance with 28 U.S.C.

§ 1446(a), a true and correct copy of all process, pleadings, or orders Defendants believed were filed and/or served upon Defendants in the State Court Action are attached hereto as **Exhibits A-I.**

       b. **Compliance with 28 U.S.C. § 1446(d**): In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiff and file with the Superior Court in and for the County of Tehama a notice of filing this Notice.

Accordingly, Defendants hereby remove this action from the Superior Court of California in and for the County of Tehama to this Court.

DATED this 26th day of April, 2024.

By: */s/ Ana Dragojevic*
John C. Grugan (*pro hac vice* forthcoming)
John.Grugan@hklaw.com
Ana Dragojevic (341847)
Ana.Dragojevic@hklaw.com
HOLLAND & KNIGHT LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415.743.6963

Jenny N. Perkins (*pro hac vice* forthcoming)
perkinsj@ballardspahr.com
Mitchell L. Turbenson (346024)
turbensonm@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2909

*Attorneys for Defendants Conduent State & Local Solutions, Inc., Comerica Bank, and Conduent Business Services, LLC*

1   John C. Grugan (*pro hac vice* forthcoming)
    john.grugan@hklaw.com
2   Ana Dragojevic (341847)
    ana.dragojevic@hklaw.com
3   HOLLAND & KNIGHT LLP
    560 Mission Street, Suite 1900
4   San Francisco, CA 94105
    Telephone: 415.743.6963
5
    Jenny N. Perkins (*pro hac vice* forthcoming)
6   perkinsj@ballardspahr.com
    Mitchell Turbenson (346024)
7   turbensonm@ballardspahr.com
    BALLARD SPAHR LLP
8   2029 Century Park East, Suite 1400
    Los Angeles, CA 90067-2909
9   Telephone:  424.204.4400

10  *Attorneys for Defendants Conduent State &*
    *Local Solutions, Inc., Comerica Bank, and*
11  *Conduent Business Services, LLC*

12              **UNITED STATES DISTRICT COURT**

13  **EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| 14  PAULA SPARKMAN, on behalf of herself and all others similarly situated, | NO. |
| 15 | |
| 16              Plaintiff, | **DECLARATION OF JONATHON OPELT IN SUPPORT OF THE NOTICE OF REMOVAL FILED BY DEFENDANTS COMERICA BANK, CONDUENT BUSINESS SERVICES, LLC AND CONDUENT STATE & LOCAL SOLUTIONS, INC.** |
| 17       v. | |
| 18  COMERICA BANK, a foreign corporation; CONDUENT BUSINESS SERVICES, LLC, a foreign limited | |
| 19  liability corporation and CONDUENT STATE & LOCAL SOLUTIONS, INC., | |
| 20  a foreign corporation, | |
| 21              Defendants. | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1    I, Jonathon Opelt, declare as follows:

2          1.    I am an employee of Conduent State & Local Solutions, Inc. ("CSLS").

3    I currently serve as Senior Director, Fraud Strategy & Analytics for CSLS.  In that

4    capacity, I have access to and I am familiar with how CS&L records and stores its

5    data as it pertains to cardholder accounts.

6          2.    I make this declaration based on my personal knowledge and in support

7    of the Notice of Removal filed by CSLS, Conduent Business Services, LLC ("CBS")

8    and Comerica Bank ("Comerica" and collectively "Defendants"). If called as a

9    witness, I could and would testify competently to each fact stated herein.

10         3.    I have reviewed and am familiar with the Complaint filed in this action.

11         4.    CBS is a corporation organized and existing under the law of the State

12   of Delaware. It is headquartered in Florham Park, New Jersey.

13         5.    CSLS is a corporation organized and existing under the law of the State

14   of New York. It is headquartered in Florham Park, New Jersey.

15         6.    In my current position, I am familiar with, among other things, data

16   pertaining to the fees charged to California Way2Go cardholders for calling the

17   automated (IVR) telephone line described in the Complaint. I am also familiar with

18   the policies and procedures employed with respect to the use, maintenance, and

19   security of the systems used to maintain this data.

20         7.    I have reviewed information maintained in the ordinary course of

21   business respecting the fees charged to California Way2Go cardholders for calling

22   Defendants' automated (IVR) telephone line. Based on my review of the relevant

23   data, CSLS has fielded over 12 million IVR calls on a statewide basis from all

24   California Way2Go cardholders. Also based on that information, the total amount

25   charged on a statewide basis from California Way2Go cardholders related to IVR

26   calls exceeds $6 million.

27

28

DECLARATION OF JONATHON OPELT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

1       I declare under penalty of perjury under the laws of the United States of

2   America that the foregoing is true and correct.

3       Executed on this 25 day of April, 2024 at Austin, Texas.

4

5   _____

6   Jonathon Opelt

# Exhibit A

1  Sophia M. Rios, CSB #305801
   Email: srios@bm.net
2  BERGER MONTAGUE PC
   401 B Street, Suite 2000
3  San Diego, California 92101
   Telephone: (619) 489-0300
4  Facsimile: (215) 875-4604

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
2/21/2024 11:09 AM
County of Tehama
Kevin Harrigan, Clerk of the Court
By Brittany Richards          , Deputy
EFILED

5  [Additional Counsel Appear on Signature Page]

6  *Attorneys for Plaintiff and the Proposed Class*

7
                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                            COUNTY OF TEHAMA

9  PAULA SPARKMAN, on behalf of herself and
   all others similarly situated,                    NO. 24CI-000031
10
                        Plaintiff,                   **CLASS ACTION COMPLAINT**
11
          v.                                         1. **BREACH OF CONTRACT**
12                                                   2. **VIOLATION OF UNFAIR**
   COMERICA BANK, a foreign corporation,                **COMPETITION LAW**
13 CONDUENT BUSINESS SERVICES, LLC, a
   foreign limited liability corporation,           DEMAND FOR JURY TRIAL
14 CONDUENT STATE & LOCAL SOLUTIONS,
   INC., a foreign corporation,
15
                        Defendants.
16

17

18                            **I.  NATURE OF ACTION**

19        1.      Plaintiff Paula Sparkman is a single mother who relies on the child support funds she

20 receives through California's "Way2Go Card" program to care for her daughter. The Way2Go Card is a

21 prepaid debit card issued by Defendants Comerica Bank, Conduent Business Services, LLC and

22 Conduent State & Local Solutions, Inc. (hereafter "Defendants").

23        2.      Defendants provide an automated (IVR) telephone line for Way2Go card holders to

24 contact customer service.

25

3.     Ms. Sparkman and other parents receiving child support funds in California on a prepaid card must receive those funds through the Way2Go Card offered by Defendants. They cannot choose a different provider.

4.     Defendants takes advantage of these captive child support recipients by imposing unfair charges that they cannot reasonably avoid by going to a different provider.

5.     Defendants nickel and dimed Ms. Sparkman and other parents receiving child support funds on California Way2Go Cards by charging them a $0.50 fee for using Defendants' IVR telephone system to report account errors or check their balances.

6.     Ms. Sparkman brings this action on behalf of herself and other Californians who were charged Defendants' fees to use their IVR phone system.

## II.    JURISDICTION AND VENUE

7.     This Court has jurisdiction over Defendants because this action is based on Defendants' contracting to do business with California Child Support Services, and Defendants' contacts with California. Defendants are corporations authorized to do business in California and conduct substantial business in California.

8.     This is the proper venue under California Code of Civil Procedure § 395.5 because a substantial part of the events or omissions giving rise to Ms. Sparkman's and the Class's claims occurred in Tehama County.

## III.    PARTIES

9.     Plaintiff Paula Sparkman is a resident of Tehama County, California, and a citizen of California.

10.    Defendant Comerica Bank is a Texas state chartered commercial bank with its corporate headquarters in Dallas, Texas.

11.     Defendant Conduent State & Local Solutions, Inc. is a New York corporation with its principal place of business in Florham Park, New Jersey.

12.     Defendant Conduent Business Services, LLC is a Delaware limited liability corporation with its corporate headquarters in Florham Park, New Jersey.

### IV.     FACTUAL ALLEGATIONS

13.     Paula Sparkman is a single mother who lives with her daughter in Red Bluff, California.

14.     All child support payments in California are made through California Child Support Services. California Child Support Services contracts with Defendants to disburse child support payments to recipients through prepaid debit cards.

15.     Ms. Sparkman receives court ordered child support from her child's father through California's Way2Go Card® Prepaid Mastercard.® Ms. Sparkman has had a Way2Go Card since approximately 2020 when California Child Support Services contracted with Defendants to issue payments by prepaid debit card. Ms. Sparkman did not choose to use Defendants' services. Defendant is the only provider that Ms. Sparkman can use to receive child support funds on a prepaid debit card. Ms. Sparkman has used a prepaid debit card to access child support funds since 2015.

16.     Defendants' Terms of Use provide that a card holder can "Contact Go Program Customer Services by calling 1-844-318-0740, by mail at P.O. Box 245997, San Antonio, TX 78224-5997 or visit GoProgram.com."

17.     On June 26, 2023, Ms. Sparkman discovered a hold on funds on her Way2Go card account related to a cancelled charge at a gas station.

18.     Ms. Sparkman tried to call Defendants at 844-318-0740 at approximately 2:31 p.m. to resolve this issue. The call was disconnected.

19.     Ms. Sparkman called Defendants back at 844-318-0740 approximately 4 minutes later and was told the gas station was holding her funds and she need to address the issue with the gas station.

1     20.    Ms. Sparkman called the gas station and learned that it was not holding the funds. At

2  approximately 2:46 p.m., Ms. Sparkman called Defendants at 844-318-0740. This call was also

3  disconnected.

4     21.    Ms. Sparkman called back at 2:49 p.m. and spoke with one of Defendants' customer

5  service agents.

6     22.    Ms. Sparkman made no other calls to Defendants at 844-318-0740 during the month of

7  June 2023.

8     23.    Defendants' Terms of Use disclose a $0.50 "per call" charge for "customer service" calls

9  to their IVR line. But the terms state "You are allowed three (3) calls to the IVR per month for no fee.

10  There is no additional fee for transferring to a live customer service agent."

11     24.    Defendants charged Ms. Sparkman's Way2Go account two $0.50 fees (total of $1.00),

12  for calls to their IVR line on June 26, 2023, even though she had made only two calls to the Defendants'

13  toll free number—the other two having been disconnected. Even if the two disconnected calls are

14  counted, Defendants charged Ms. Sparkman for at least one call that they promised would be free.

15  Moreover, the practice of charging consumers a junk fee to call an automated phone system is unfair.

16                  **V.    CLASS ACTION ALLEGATIONS**

17     25.    Ms. Sparkman brings this case as a proposed class action under California Code of Civil

18  Procedure § 382. The proposed Class and Sub-Class are defined as follows:

19        **IVR Surcharge Class**: All persons issued a California Way2Go
            Card® Prepaid Mastercard® whose accounts Defendants charged at
20        least one $0.50 fee for calling Defendants' IVR telephone system.

21        **IVR Surcharge Sub-Class**: All members of the IVR Surcharge
            Class whose accounts Defendants charged at least one $0.50 fee for
22        calling Defendants' IVR telephone system without allowing the
            consumer at least three free calls in a month before imposing the
23        charge.

24

25

26.     Plaintiff reserves the right to amend or modify the proposed class and sub-class definitions or add other proposed subclasses based on information obtained after the filing of this Complaint.

27.     This action is properly maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

28.     <u>Ascertainable Class</u> The definitions of the Class are clear, and members of the Class are easily identifiable on the basis of objective information.

29.     <u>Numerosity</u> The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that there are at least hundreds if not thousands of Californians who receive payments on California Way2Go Cards issued by Defendants and have been charged Defendants' IVR surcharge. The number of class members, their identities, and their contact information can be found in Defendants' records.

30.     <u>Commonality and Predominance</u> There are numerous questions of law and fact common to the class members that predominate over any questions requiring individual analysis, including:

a)     Whether Defendants have a pattern or practice of charging Way2Go card holders fees for using their IVR telephone system without allowing the consumer at least three no charge calls to the IVR line within a single month;

b)     Whether Defendants practice of charging consumers a $0.50 fee to using Defendants' IVR telephone system is unfair;

c)     Whether Defendants breached their agreement;

d)     Whether Defendants business practices were unlawful or unfair under California's Unfair Competition Law; and

e)     The remedies available to Plaintiff and the Class.

1  31.  <u>Typicality</u> Ms. Sparkman's claims are typical of the proposed Class members. Ms.

2  Sparkman was issued a Way2Go Card by Defendants and was charged a $0.50 fee for calling

3  Defendants' IVR telephone system without allowing her at least three free calls in a month before

4  charging her. Ms. Sparkman's claims and the claims of the class members are based on the same legal

5  theories and arise from the same unlawful conduct, resulting in the same injury.

6  32.  <u>Adequacy</u> Ms. Sparkman is an adequate class representative because she will fairly and

7  adequately protect the interests of the Class members. She has no interests that conflict with the interests

8  of other Class members, and is not subject to unique defenses. She has retained counsel who are

9  experienced trial lawyers, have prosecuted many consumer class actions, and have the resources to

10 vigorously prosecute the action.

11  33.  <u>Superiority</u> Ms. Sparkman and members of the Class have all suffered and will continue

12 to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is

13 superior to other available methods for the fair and efficient adjudication of the controversy.   A class

14 action is superior to individual actions because the damages suffered by each Class member are likely to

15 be relatively small and absent class litigation, many members of the proposed Class would likely receive

16 no relief at all. Class treatment of common questions of law and fact is also superior to multiple

17 individual actions and piecemeal litigation in that it conserves the court's and litigants' resources, and

18 promotes consistency and efficiency of adjudication.

19  **FIRST CAUSE OF ACTION**
   **(Breach of Contract)**
20  **(On behalf of the IV Surcharge Sub-Class)**

21  34.  Ms. Sparkman incorporates by reference all preceding allegations.

22  35.  Under Defendants' Terms of Use, Ms. Sparkman and the IVR Surcharge Sub-Class are

23 entitled to call Defendants' IVR customer service line three times in a month without incurring a fee.

24

25

36. Defendants breached the agreement by charging Ms. Sparkman and the IVR Surcharge Class $0.50 surcharges for such phone calls before the customer had exhausted the three-call allowance for a single month.

37. Ms. Sparkman and the IVR Surcharge Class were harmed by incurring and paying IVR surcharges that should not have been charged under the Terms of Use.

38. As a direct and proximate result of Defendants' breach Ms. Sparkman and members of the Class are entitled to an award of nominal and actual damages.

**SECOND CAUSE OF ACTION**
**(Unfair Business Practices in Violation of California Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200)**
**(On behalf of the IVR Surcharge Class and Sub-Class)**

39. Ms. Sparkman incorporates by reference all preceding allegations.

40. Defendants' acts or practices, including charging IVR Surcharge Class members a $0.50 for calling an automated voice "customer service" system, and charging the $0.50 fees for using Defendants' IVR telephone system are unfair.

41. Defendants' acts or practices, including charging the IVR Surcharge Sub-Class members a $0.50 for calling an automated voice "customer service" system, and charging the $0.50 fees for using Defendants' IVR telephone system without allowing them their promised three free calls within in a month are unfair.

42. Such charges are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and have caused harm to Ms. Sparkman and members of the IVR Surcharge Class.

43. The charges cannot be reasonably avoided. Way2Go cards are issued under Defendants' contract with a state agency—card holders cannot choose a different pre-paid card provider to receive payments. Way2Go card holders must use the IVR customer service line to correct mistakes made on their accounts, often due to Defendants' conduct, and to ensure that their accounts accurately reflect

transactions and payments. Defendant profited from imposing the unfair charges on Way2Go card holders without incurring any costs itself as the IVR line is automated.

44.    Under the UCL, Ms. Sparkman and the IVR Surcharge Class and Sub-Class may enjoin these acts and practices and obtain restitution of all funds Defendants deducted from their CalforniaWay2Go accounts by reason of and through the use of these unlawful acts and practices.

45.    Ms. Sparkman individually and on behalf of all members of the general public who are, have been, or may be subjected to Defendants' unfair business acts and practices are entitled to declaratory and injunctive relief prohibiting such practices in the future, and other orders as may be necessary to restore to any person in interest, any money or property, Defendants retained by means of such unfair business practices. Because consumers who receive payments though California's Child Support Services and other California programs cannot choose a different prepaid debit card program, they are likely to be injured by Defendants' conduct in the future.

46.    Ms. Sparkman and the IVR Surcharge Class and Sub-Class may recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action under California Code of Civil Procedure § 1021.5.

**VI.    PRAYER FOR RELIEF**

Ms. Sparkman seeks judgment in her favor and damages against Defendants, and:

A.    An order certifying this case as a class action, appointing Ms. Sparkman as Class Representative and her attorneys as Class Counsel;

B.    An award of all damages to which Ms. Sparkman and the Class are entitled including actual damages and nominal damages;

C.    Prejudgment interest;

D.    Restitution;

E.    An award of attorneys' fees and costs; and

1    F.    Injunctive relief precluding Defendants from continuing to engage in the acts or practices

2  described throughout this complaint when handling calls received from California Way2Go card

3  holders.

4                              **VII.    DEMAND FOR JURY TRIAL**

5         Ms. Sparkman demands a trial by jury on all claims so triable.

6         RESPECTFULLY SUBMITTED AND DATED this 21st day of February, 2024.

7

8                              BERGER MONTAGUE PC

9                              By: /s/ Sophia M. Rios
                                   Sophia M. Rios, CSB #305801
                                   Email: srios@bm.net
10                                 401 B Street, Suite 2000
                                   San Diego, California 92101
11                                 Telephone: (619) 489-0300
                                   Facsimile: (215) 875-4604
12
                                   Beth E. Terrell, CSB #178181
13                                 Email: bterrell@terrellmarshall.com
                                   Blythe H. Chandler, *Pro Hac Vice Forthcoming*
14                                 Email: bchandler@terrellmarshall.com
                                   Jasmin Rezaie-Tirabadi, *Pro Hac Vice Forthcoming*
15                                 Email: jrezaie@terrellmarshall.com
                                   TERRELL MARSHALL LAW GROUP PLLC
16                                 936 North 34th Street, Suite 300
                                   Seattle, Washington 98103-8869
17                                 Telephone: (206) 816-6603
                                   Facsimile: (206) 319-5450
18
                                   Daniel A. Schlanger, *Pro Hac Vice Forthcoming*
19                                 Email: dschlanger@consumerprotection.net
                                   SCHLANGER LAW GROUP LLP
20                                 80 Broad Street, Suite 1301
                                   New York, New York 10016
21                                 Telephone: (212) 500-6114
                                   Facsimile: (646) 612-7996
22
                                   *Attorneys for Plaintiff and the Proposed Class*
23

24

25

# Exhibit B

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

Sophia M. Rios, CSB #305801
Berger Montague PC, 401 B Street, Suite 2000, San Diego, CA 92101

TELEPHONE NO.: (619) 489-0300        FAX NO.: (215) 875-4604
EMAIL ADDRESS: srios@bm.net
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TEHAMA
STREET ADDRESS: 1740 WALNUT STREET
MAILING ADDRESS:
CITY AND ZIP CODE: RED BLUFF, CA 96080
BRANCH NAME: CIVIL DIVISION

*FOR COURT USE ONLY*

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
2/21/2024 11:09 AM
County of Tehama
Kevin Harrigan, Clerk of the Court
By **Brittany Richards** _____, Deputy
EFILED

CASE NAME:
Paula Sparkman v. Comerica Bank, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 24CI-000031 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form*

Date: February 21, 2024

Sophia M. Rios
_____
(TYPE OR PRINT NAME)     ▶     _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

# Exhibit C

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
2/21/2024 11:09 AM
County of Tehama
Kevin Harrigan, Clerk of the Court
By **Brittany Richards**, Deputy
EFILED

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMERICA BANK, a foreign corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAULA SPARKMAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Tehama County Superior Court

1740 Walnut Street, Red Bluff, CA 96080

| CASE NUMBER: *(Número del Caso):* |
|---|
| 24CI-000031 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sophia M. Rios, Berger Montague PC, 401 B Street, Suite 2000, San Diego, CA 92101, 619-489-0300, srios@bm.net

DATE: 2/21/2024 11:09 AM          Kevin Harrigan          Clerk, by **Brittany Richards**          , Deputy
*(Fecha)*                         Clerk of the Court        *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Comerica Bank

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

# Exhibit D

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
2/21/2024 11:09 AM
County of Tehama
Kevin Harrigan, Clerk of the Court
Brittany Richards
By_____, Deputy
EFILED

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CONDUENT BUSINESS SERVICES, LLC, a foreign limited liability corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAULA SPARKMAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Tehama County Superior Court<br><br>1740 Walnut Street, Red Bluff, CA 96080 | **CASE NUMBER:**<br>*(Número del Caso):* **24CI-000031** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sophia M. Rios, Berger Montague PC, 401 B Street, Suite 2000, San Diego, CA 92101, 619-489-0300, srios@bm.net

| | | | | |
|---|---|---|---|---|
| DATE: 2/21/2024 11:09 AM<br>*(Fecha)* | Kevin Harrigan<br>Clerk of the Court | Clerk, by<br>*(Secretario)* | Brittany Richards | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Conduent Business Services, LLC
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# Exhibit E

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
2/21/2024 11:09 AM
County of Tehama
Kevin Harrigan, Clerk of the Court
**Brittany Richards**
By_____, Deputy
EFILED

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CONDUENT STATE & LOCAL SOLUTIONS, INC., a foreign corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAULA SPARKMAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Tehama County Superior Court<br><br>1740 Walnut Street, Red Bluff, CA 96080 | **CASE NUMBER:**<br>*(Número del Caso):* **24CI-000031** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sophia M. Rios, Berger Montague PC, 401 B Street, Suite 2000, San Diego, CA 92101, 619-489-0300, srios@bm.net

DATE:  2/21/2024 11:09 AM                     Kevin Harrigan                   Clerk, by _____ **Brittany Richards** _____ , Deputy
*(Fecha)*                                          Clerk of the Court              *(Secretario)*                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF TEHAMA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Conduent State & Local Solutions, Inc.

   under: ☒ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# Exhibit F

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF TEHAMA**<br>**1740 Walnut Street**<br>**Red Bluff, CA 96080**<br>**530-527-6441** | *FOR COURT USE ONLY*<br><br>Electronically<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>2/21/2024<br>COUNTY OF TEHAMA, CIVIL DIVISION<br>KEVIN HARRIGAN, CLERK OF THE COURT<br>BY _~B.Richards~_ , DEPUTY |
| **PLAINTIFF/PETITIONER:**<br>**PAULA SPARKMAN**<br><br>**vs.**<br><br>**DEFENDANT/RESPONDENT:**<br>**COMERICA BANK, A FOREIGN CORPORATION; CONDUENT BUSINESS SERVICES, LLC, A FOREIGN LIMITED LIABILITY CORPORATION; CONDUENT STATE & LOCAL SOLUTIONS, INC., A FOREIGN CORPORATION** | |
| **NOTICE OF MANDATORY**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**24CI-000031** |

**YOU ARE HEREBY NOTIFIED** that the above-entitled case has been set for Case Management Conference as follows:

| DATE:<br>7/22/2024 | TIME:<br>4:00 PM | DEPARTMENT:<br>Department 5 |
|---|---|---|
| LOCATION:<br>1740 Walnut St. Red Bluff, CA 96080 | | |

This case is subject to **THE TRIAL COURT DELAY REDUCTION ACT** (Govt. Code §§68600 et seq.) and the **TEHAMA COUNTY SUPERIOR COURT LOCAL RULES** (Rule 11). Strict compliance with the Act and Rules is required by the Court. Local rules can be found at www.tehama.courts.ca.gov.

It is the responsibility of the PLAINTIFF(S) to serve a copy of this notice on each Defendant.

All parties are required to file with the Court a Case Management Statement (Judicial Council Form CM-110) at least **5 days prior** to **each** conference.

Dated: February 21, 2024

Kevin Harrigan
Clerk of the Superior Court
By: _~B.Richards~_
Court Clerk

☞ **INSTRUCTIONS FOR ATTORNEYS RE TELEPHONIC APPEARANCES:**

1) Remote appearances are allowed at any Case Management Conference unless a personal appearance is specifically ordered by the Court.
2) Notice of intent to appear remotely should be noted on the Case Management Conference Statement (CM-110). **Department 5**
   Link: https://tehamasuperiorcourt.webex.com/meet/department5
   Access Code: 965 106 803

-SANCTIONS- if you do not file the Case Management Statement or attend the Conference or participate effectively in the conference, the Court may impose sanctions (including dismissal of the case and payment of money). **\*\*$20.00 fee required for any continuances.**

Tehama Co                                                                                    of 1

# Exhibit G

Sophia M. Rios, CSB #305801
Email: srios@bm.net
BERGER MONTAGUE PC
8241½ La Mesa Blvd.
La Mesa, CA 91942
Telephone: (619) 489-0300
Facsimile: (215) 875-4604

*Attorneys for Plaintiff and the Proposed Class*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF TEHAMA

| | |
|---|---|
| PAULA SPARKMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMERICA BANK, a foreign corporation, CONDUENT BUSINESS SERVICES, LLC, a foreign limited liability corporation, CONDUENT STATE & LOCAL SOLUTIONS, INC., a foreign corporation,<br><br>Defendants. | Case No. 24CI-000031<br><br>**NOTICE OF CHANGE OF ADDRESS**<br><br>Assigned for All Purposes to the Honorable Matthew C. McGlynn Department 5<br><br>[Complaint Filed:   February 21, 2024]<br><br>Trial Date:          None Set |

TO THE CLERK OF COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that Sophia M. Rios, counsel for Plaintiffs and the Proposed Class, has changed her mailing address.  Her new address is:

Sophia M. Rios
BERGER MONTAGUE PC
8241½ La Mesa Blvd.
La Mesa, CA 91942

Please update your records accordingly.  The firm's telephone and facsimile numbers, as well as email addresses, remain the same.

DATED:  March 14, 2024                    Respectfully submitted,

                                        /s/ Sophia M. Rios
                                        Sophia M. Rios (Bar No. 305801)
                                        srios@bm.net
                                        BERGER MONTAGUE PC
                                        8241½ La Mesa Blvd.
                                        La Mesa, CA 91942
                                        Telephone: (619) 489-0300
                                        Facsimile: (215) 875-4604

                                        *Attorneys for Plaintiff and the Proposed Class*

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California. I am employed in San Diego County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to this action. My business address is Berger Montague PC, 8241½ La Mesa Blvd., La Mesa, CA 91942. My email address is jgionnette@bm.net. On March 14, 2024, I served the documents described as:

**NOTICE OF CHANGE OF ADDRESS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jgionnette@bm.net to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 14, 2024 at San Diego, California.

*Julie Gionnette*
Julie Gionnette

1

2

**SERVICE LIST**
*Sparkman v. Comerica Bank, et al.*
**Case No. 24CI-000031**

3

4  John C. Grugan                           *Attorneys for Defendants Comerica Bank,*
   Jenny N. Perkins                         *Conduent Business Services, LLC and*
5  BALLARD SPAHR LLP                        *Conduent State & Local Solutions, Inc.*
   1735 Market Street, 51st Floor
6  Philadelphia, PA 19103
   gruganj@ballardspahr.com
7  jperkins@ballardspahr.com

8  Mitchell Turbenson                       *Attorneys for Defendants Comerica Bank,*
   BALLARD SPAHR LLP                        *Conduent Business Services, LLC and*
9  2029 Century Park East, Suite 1400       *Conduent State & Local Solutions, Inc.*
   Los Angeles, CA 90067
10 turbensonm@ballardspahr.com

11 Beth E. Terrell                          *Attorney for Plaintiff Paula Sparkman and*
   Blythe H. Chandler                       *the Proposed Class*
12 Jasmin Rezaie-Tirabadi
13 TERRELL MARSHALL LAW GROUP, PLLC
   936 North 34th Street, Suite 300
14 Seattle, WA 98103-8869
   bterrell@terrellmarshall.com
15 bchandler@terrellmarshall.com
   jrezaie@terrellmarshall.com
16

17 Sophia Rios                              *Attorney for Plaintiff Paula Sparkman and*
   BERGER MONTAGUE PC                       *the Proposed Class*
18 8241½ La Mesa Blvd.
   La Mesa, CA 91942
19 srios@bm.net

20 Daniel A. Schlanger                      *Attorney for Plaintiff Paula Sparkman and*
   SCHLANGER LAW GROUP LLP                  *the Proposed Class*
21 80 Broad Street, Suite 1301
22 New York, NY 10016
   dschlanger@consumerprotection.net
23

24

25

26

27

NOTICE OF CHANGE OF ADDRESS

# Exhibit H

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: 346024 <br> NAME: Mitchell Turbenson <br> FIRM NAME: Ballard Spahr LLP <br> STREET ADDRESS: 2029 Century Park East, Suite 1400 <br> CITY: Los Angeles    STATE: CA    ZIP CODE: 90067-2909 <br> TELEPHONE NO.: (480) 209-2833    FAX NO. : <br> E-MAIL ADDRESS: turbensonm@ballardspah.com <br> ATTORNEY FOR (Name): Comerica Bank, Conduent State & Local Solutions | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Tehama
STREET ADDRESS: 1740 Walnut Street
MAILING ADDRESS:
CITY AND ZIP CODE: Red Bluff, CA 96080
BRANCH NAME:

Plaintiff/Petitioner: Paula Sparkman
Defendant/Respondent: Comerica Bank, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 24CI-000031 |
|---|---|

TO (insert name of party being served): Comerica Bank and Conduent State & Local Solutions

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 28, 2024

Blythe H. Chandler
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

    (1) Court's Case Management Order, (2) Plaintiff's First Set of Interrogatories, and (3) Plaintiff's First Requests for Production

(To be completed by recipient):

Date this form is signed: March 29, 2024

Mitchell Turbenson , Comerica Bank and Conduent State & Local Solutions
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# Exhibit I

HOLLAND & KNIGHT LLP
Ana Dragojevic (SBN 341847)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415.743.6900
Facsimile: 415.743.6910
E-mail: ana.dragojevic@hklaw.com

*Attorneys for Defendants*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF TEHAMA

| | |
|---|---|
| PAULA SPARKMAN, on behalf of herself and all others similarly situated, | Case No.: 24CI-000031 |
| Plaintiff, | **NOTICE OF APPEARANCE** |
| vs. | Action Filed: February 21, 2024 |
| COMERICA BANK, a foreign corporation, CONDUENT BUSINESS SERVICES, LLC, a foreign limited liability corporation, CONDUENT STATE & LOCAL SOLUTIONS, INC., a foreign corporation, | Trial Date: [Not Yet Set] |
| Defendants. | |

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Ana Dragojevic, of the law firm Holland & Knight, hereby enters an appearance in the above-captioned action on behalf of Defendants Comerica Bank and Conduent State & Local Solutions, Inc.[1]

The undersigned hereby requests notice of all orders and filings in this proceedings be served upon the undersigned at the address indicated below:

Ana Dragojevic (SBN 341847)
HOLLAND & KNIGHT LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Telephone:  415.743.6900
FACSIMILE: 415.743.6910
E-mail: ana.dragojevic@hklaw.com

This Notice of Appearance is not a response to any of the allegations in the Complaint.

Dated:  April 23, 2024

HOLLAND & KNIGHT LLP
Ana Dragojevic (SBN 341847)

*Attorneys for Defendants*

---

[1] Conduent Business Services, LLC was dismissed pursuant to stipulation.

-1-                                        Case No. 24CI-000031

NOTICE OF APPEARANCE

*(left margin)* Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of 18 years and not a party to the above-captioned action; that my business address is 560 Mission Street, Suite 1900, San Francisco, CA 94105.  On April 23, 2024, the following document was served:

**NOTICE OF APPEARANCE**

on the parties to this action at the following address:

| | |
|---|---|
| Sophia M. Rios | Beth E. Terrell |
| BERGER MONTAGUE PC | Blythe Chandler |
| 401 B Street, Suite 2000 | Jasmin Rezaie-Tirabadi |
| San Diego, CA 92101 | TERRELL MARSHALL LAW GROUP PLLC |
| E-mail: SRios@bm.net | 936 North 34th Street, Suite 300 |
| | Seattle, WA 98103 |
| | E-mail: BTerrell@TerrellMarshall.com |
| | BChandler@TerrellMarshall.com |
| | JRezaie@TerrellMarshall.com |
| | |
| Daniel A. Schlanger | Mitchell L. Turbenson |
| SCHLANGER LAW GROUP LLP | BALLARD SPAHR LLP |
| 80 Broad Street, Suite 1301 | 2029 Century Park East, Suite 1400 |
| New York, NY 10016 | Los Angeles, CA 90067-2915 |
| E-mail: DSchlanger@consumerprotection.net | E-mail: turbensonm@ballardspahr.com |

☒     **(BY MAIL)**  I caused a true copy of each document(s) to be placed in a sealed envelope with first-class postage affixed and placed the envelope for collection.  Mail is collected daily at my office and placed in a United States Postal Service collection box for pickup and delivery that same day.

☒     **(BY ELECTRONIC MAIL)**  I caused a true and correct scanned image (.PDF file) copy to be transmitted via the electronic mail transfer system in place at Holland & Knight, LLP, originating from the undersigned at 560 Mission Street, Suite 1900, San Francisco, California, to the addresses indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 23, 2024, at San Francisco, California.


_____
Philip Dobbs

-1-                                    Case No. 24CI-000031

PROOF OF SERVICE



| **Confirmation #:** | 30308919 |
| **Case Title:** | Sparkmanvs.Comerica Bank, a foreign corporation, et al. |

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
| --- | --- |
| **Court Name:** | Tehama County, Superior Court of California |
| **Court Branch:** | Red Bluff |
| **Case Title:** | Sparkmanvs.Comerica Bank, a foreign corporation, et al. |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | (06) Unlimited Breach of Contract/Warranty |
| **Case #:** | 24CI-000031 |

## ORDER DETAILS

| | |
| --- | --- |
| **Order Type:** | eFiling |
| **Filing order #:** | 22747204 |
| **Date/Time Submitted:** | 4/23/2024 4:37 PM PT |
| **Client Billing Code:** | 888031-45411 |
| **Contact Name:** | Philip Dobbs |
| **Attorney Name:** | Ana Dragojevic |
| **Email Notification:** | Both |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
| --- | --- | --- |
| Notice | Notice of Appearance | 3 |

© InfoTrack US
Version: 7.0.3852 | Customer #0051065

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy

(https://www.onelegal.com/privacy/)   |   Terms of service (https://www.onelegal.com/terms/)

1

## **PROOF OF SERVICE**

2
3

I certify that a copy of the Notice of Removal was sent via e-mail and via U.S. First Class Mail on this 26th day of April 2024 to the following:

4

*Sophia M. Rios*
*BERGER MONTAGUE PC*
5   *8241½ La Mesa Blvd.*
*La Mesa, CA 91942*
6   *srios@bm.net*

7   *Beth E. Terrell*
*bterrell@terrellmarshall.com*
8   *Blythe M. Chandler*
*bchandler@terrellmarshall.com*
9   *Jasmin Rezaie-Tirabadi*
*jrezaie@terrellmarshall.com*
10  *TERRELL MARSHALL LAW GROUP PLLC*
*936 North 34th Street, Suite 300*
11  *Seattle, WA 98103*

12  *Daniel A. Schlanger*
*dschlanger@consumerprotection.net*
13  *SCHLANGER LAW GROUP LLP*
*80 Broad Street, Suite 1301*
14  *New York, NY 10016*

15

16                                    */s/ Ana Dragojevic*
                                        Ana Dragojevic
17

18

19

20

21

22

23

24

25

26

27

28