1

2

3

4

5

6

7

8                                        UNITED STATES DISTRICT COURT

9                                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAULA SPARKMAN, on behalf of                    No.  2:24-cv-01206-DJC-CKD
     herself and others similarly situated,
12
                         Plaintiff,
13                                                     ORDER
           v.
14
     COMERICA BANK, et al.,
15
                         Defendants.
16

17         Plaintiff has submitted their proposed plan to provide class notice and the

18   proposed notice materials for approval.  (*See* Mot. (ECF No. 53); *see also* Chandler

19   Decl. (ECF No. 54).)  Defendants have indicated their non-opposition to the proposed

20   notices and notice plan.  (*See* ECF No. 58.)  Having reviewed Plaintiff's proposed

21   notice plan and notice materials, the Court finds that Plaintiff's proposal will provide

22   the best notice that is practicable under the circumstances and grants Plaintiff's

23   Motion.

24   **I.      Legal Standard**

25         Under Federal Rule of Civil Procedure 23(c)(2)(B), for classes certified under

26   Rule 23(b)(3), "the court must direct to class members the best notice that is

27   practicable under the circumstances, including individual notice to all members who

28   can be identified through reasonable effort."  Notice can be provided by United States

mail, electronic means, or other appropriate means and must, in clear, concise, and easily understood language, convey to class members:

    (i)    the nature of the action;

    (ii)    the definition of the class certified;

    (iii)    the class claims, issues, or defenses;

    (iv)    that a class member may enter an appearance through an attorney if the member so desires;

    (v)    that the court will exclude from the class any member who requests exclusion;

    (vi)    the time and manner for requesting exclusion; and

    (vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Additionally, due process requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

## II.    Method of Notice

Plaintiff states that Defendants have provided them with an updated list of class members including individuals up to the date of class certification. (Mot. at 1.) Plaintiff plans for the Notice Administrator to first send the Email Notice to all class members for whom an email is available. (*Id.* at 2.) Where an email is not available or the email is not successfully delivered, the Notice Administrator will send the class member the Postcard Notice using United States mail. (*Id.*) Where the Postcard Notice is returned as undeliverable and a new address is provided, the Notice Administrator will re-mail the Postcard Notice to the new address. (*Id.* at 6.) Where a new address is not provided, the Notice Administrator will use skip-tracing to find possible alternate addresses and mail the Postcard Notice there. (*Id.* at 6.) Both the Email Notice and the Postcard Notice direct class members to a website at the URL https://www.caway2gofeeclassaction.com/. (*Id.* at 2, 6.) The website will provide a

1   Long Form Notice with the complete information required by Rule 23(c)(2)(B). Class

2   Counsel states that they believe these methods of notice will reach 70-95% of the

3   entire class.[1] (*Id.* at 6.)

4       Considering the size of the class, and the possible wide geographical

5   distribution of class members, this proposed notice plan constitutes the best and most

6   reasonable form of notice under the circumstances. *See* Fed. R. Civ. P. 23(c)(2)(B). As

7   such, the proposed method of notice is appropriate.

8   **III.    Form of Notice**

9       The content of the Proposed Email Notice, Postcard Notice, and Long Form

10  Notice on the website is also adequate. In particular, the Long Form Notice available

11  on the website conveys the nature of the class, the class definition, the class claims,

12  the ability to appear with their own representation, the ability to opt out of the case

13  and be excluded from the class, the process and deadline to submit an opt-out

14  request, and the binding effects of a judgment on class members.[2] (*See* Chandler

15  Decl., Ex. 3.) The Long Form Notice thus properly discloses to class members the

16  information required by Rule 23(c)(2)(B). The Email Notice and Postcard Notice also

17  contain much of the relevant information such as the nature of the case, the ability to

18  opt out, and the deadline to do so. (*See* Chandler Decl., Exs. 1, 2.) The Email Notice

19  and Postcard Notice also direct recipients to the Long Form Notice on the website,

20  provide a link and/or QR code to easily access the website, and offer an additional

21  phone number that can be called if recipients have questions. The form of these

22  proposed Notices is adequate under Rule 23(c)(2)(B) as they provide Class Members

23

24  [1] Plaintiff notes that Class Counsel has received preliminary bids from four potential notice
    administrators but has not selected one. (Mot. at 1-2.) Plaintiff represents that it is seeking updated
25  bids based on the updated list of class members provided by Defendants and will select the most
    competitively priced bid to execute the notice plan. (*Id.*)
26

27  [2] Plaintiff notes that they utilized model class notice forms developed by the Impact Fund's Notice
    Project in creating the proposed Email Notice, Postcard Notice, and the Long Form Notice provided on
28  the website and that these model notices are intended to make notices easier for class members to
    understand. (Mot. at 3.)

1   with the best notice that is practicable under the circumstances.  The proposed

2   Notices also satisfy the requirements of due process as they apprise Class Members of

3   the action and explain the right to opt out of the Class as well as the process and

4   deadline to do so.  *See Mullane*, 339 U.S. at 314.  As such, the Court finds the

5   proposed form of notice adequate.

6   **IV.    Conclusion**

7          Accordingly, Plaintiff's Motion to Approve Class Notice Plan (ECF No. 53) is

8   GRANTED.  Class notice shall be conducted in the method described in Plaintiff's

9   Motion using the notice materials provided with the Motion in the Declaration of

10  Blythe H. Chandler.[3]  Plaintiff shall retain one of the notice administrators listed in the

11  Motion and notify the Court of the selection.  The Notice Administrator shall send the

12  Notice within 20 days of this order.  Class Members shall have 45 days from the date

13  of the notice to request exclusion from the Class.

14

15         IT IS SO ORDERED.

16  Dated:   **April 23, 2025**

    Hon. Daniel J. Calabretta
17  UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27  _____

    [3] Simply to ensure clarity, the Court notes that the proposed Long Form Notice appears to be missing
28  an arrow between the first and second boxes that appear in the Email Notice and Postcard Notice.
    (Chandler Decl. Ex. 3.)

                                          4

1

2

3    DJC1 – sparkman24cv01206.notice

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28