John C. Grugan (*pro hac vice*)
john.grugan@hklaw.com
Ana Dragojevic (341847)
ana.dragojevic@hklaw.com
HOLLAND & KNIGHT LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415.743.6963

Jenny Perkins (*pro hac vice*)
perkinsj@ballardspahr.com
Mitchell Turbenson (346024)
turbensonm@ballardspahr.com
Elizabeth Wingfield (*pro hac vice*)
wingfielde@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendants Comerica Bank,
Conduent State & Local Solutions, Inc., and
Conduent Business Services, LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| PAULA SPARKMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMERICA BANK, a foreign corporation, CONDUENT STATE & LOCAL SOLUTIONS, INC., a foreign corporation,<br><br>Defendants. | Case No. 2:24-CV-01206-DJC-DMC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br><br><br>Hon. Daniel J. Calabretta<br>Courtroom 7, 14th Floor<br>Robert T. Matsui United States Courthouse<br>501 I Street<br>Sacramento, CA 95814 |

Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Comerica Bank and Conduent State & Local Solutions, Inc. (together, "Defendants") respectfully request that the Court take judicial notice of undisputed facts derived from the indisputably authentic sources attached to Defendants' Statement of Undisputed Facts ("DUF") as Exhibits S (DUF No. 49), T (DUF No. 50), and D (DUF No. 54) (collectively, the "Documents") to Defendants' Statement of Undisputed Facts. The Documents may be judicially noticed for the truth of their contents because the facts contained therein are indisputable, relevant to the issue before this Court, and derived from authentic government websites, namely the State of California's Department of Justice, Office of the Attorney General, and the Superior Court of California, Orange County.

## II. ARGUMENT

Under Federal Rule of Evidence 201, a court "must take judicial notice [of an adjudicative fact] if a party requests it and the court is supplied with the necessary information." A fact is subject to judicial notice if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Applying Rule 201, courts in this circuit regularly take judicial notice of information that is relevant to the matter at hand,[1] "made publicly available by government entities", and both the authenticity of the government websites from which the information originated and "the information displayed therein" is not in dispute. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (citations omitted) (taking judicial notice of approved vendors displayed on school district websites). *See also Ass'n of Am. Railroads & Am. Short Line*

---

[1] "[J]udicial notice is inappropriate where the facts to be noticed are irrelevant." *Unicolors, Inc. v. H & M Hennes & Mauritz L.P.*, No. CV 16-02322-AB (SKX), 2017 WL 11489962, at *1 (C.D. Cal. Nov. 30, 2017) (quoting *Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009)).

1

*& Reg'l R.R. Ass'n v. Randolph*, No. 223CV01154DJCJDP, 2024 WL 664359, at *1 n. 1 (E.D. Cal. Feb. 16, 2024).

The Documents are all relevant to the disposition of Defendants' Motion for Summary Judgment ("Defendants' Motion for Summary Judgment"). Exhibit S is a page on California's Office of the Attorney General ("OAG") website that describes how the OAG interprets "the Honest Pricing Law' or 'Hidden fees Statute,' SB 478". *See* Ex. S. More specifically, it is a set of FAQs released by the OAG "[i]n order to help businesses comply with this new law, and to offer consumers guidance about what they can expect." Defendants cite Exhibit S to demonstrate that because the interactive voice response customer service ("IVR") fee is accurately disclosed to Way2Go cardholders, it cannot be unfair within the meaning of the California's Unfair Competition Law, (Business & Professions Code § 17200, *et seq.*, "UCL").[2] *See* Defs' Cross Motion for Summary Judgment at p. 30 ("The statute [SB 478] does not change what price a business can charge or what may be included in that price. The law simply requires that the price listed include all mandatory charges.") (quoting Exhibit S).

Exhibit T is a page on the Superior Court of California, County of Orange website that describes its family law records copying policies. *See* DUF Ex. T. Defendants cite to Exhibit T to support the proposition that the IVR fee is not unfair because it is akin to many other lawful and legitimate fees that Way2Go customers may be subject to. *See* Defts' Cross Motion for Summary Judgment at p. 33 ("Were the Court to hold that a customer service fee violates the UCL, then every other fee—irrespective of whether they were properly disclosed and assessed—would likewise be violative of the UCL. For example,

---

[2] Plaintiff's UCL claim challenging the IVR fee is the only remaining claim in this action.

2

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:24-CV-01206-DJC-DMC

Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500

the Orange County Superior Court, Family Law Division charges a $0.50/page fee for copying records, which fee is disclosed on its website.").

Lastly, Defendants cite to Exhibit D, a page on the California Child Support Services website, to rebut the implication in Plaintiff's Motion for Summary Judgment that the child support system is analogous to government benefits provided to families on the basis of need. *See* Cross Motion for Summary Judgment at p. 7 ("Plaintiff begins the fact section of her motion by analogizing and conflating the program at issue here with a government program that distributes benefits on the basis of need. To be clear, the California Way2Go debit card program is a vehicle through which child support payments may be disbursed. It is not a needs-based program. Instead, DCSS serves all Californians who are subject to, or are the beneficiaries of, child support orders entered by California courts. Neither DCSS nor any county or regional child support offices establish child support orders.").

Thus, because all of the Documents are used to oppose propositions in Plaintiff's Motion for Summary Judgement and/or to demonstrate why Plaintiff cannot meet her burden under the UCL, the Documents are relevant to this action.

The Documents are all published by governmental agencies and appear on the publishing agency's website and the authenticity of the websites and the information cited therein cannot be in dispute. Exhibit S, a page on California's Office of the Attorney General ("OAG") website, is cited for the OAG's interpretation of SB 478—a direct quotation that cannot be disputed. Exhibit T, a page for the Superior Court of California, County of Orange website, simply sets forth its copying fees—a straightforward statement of policy that also cannot be disputed. Finally, Exhibit D, a page on the California Child Support Services website, is cited for the proposition that no state agency is responsible for child support orders, which also cannot be disputed.

Thus, because the Documents are all relevant, published by governmental agencies on their respective websites, and the cited facts cannot be disputed, this Court should take judicial notice of the facts for which Defendants cite Exhibits S, T, and D.

## III. CONCLUSION

For the foregoing reasons, Defendants request that the Court take judicial notice of the facts for which Defendants cite the Documents.

DATED: May 30, 2025

**BALLARD SPAHR LLP**

  */s/ Jenny N. Perkins*

John C. Grugan (admitted pro hac vice)
john.grugan@hklaw.com
Ana Dragojevic (341847)
ana.dragojevic@hklaw.com
HOLLAND & KNIGHT LLP

Jenny N. Perkins (admitted pro hac vice)
perkinsj@ballardspahr.com
Mitchell Turbenson (346024)
turbensonm@ballardspahr.com
Elizabeth V. Wingfield (admitted pro hac vice)
wingfielde@ballardspahr.com

*Attorneys for Defendants Conduent State & Local Solutions, Inc. and Comerica Bank*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 30, 2025, she caused the foregoing document to be electronically filed with the Court using the CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Executed on May 30, 2025.

/s/ *Jenny N. Perkins*
Jenny N. Perkins

Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500